IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LETTERRON BRANNON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AGENT TYLER PATTERRSON, et al., )<br>)<br>Defendants. ) | CASE NO. 2:21-CV-347-WHA-JTA<br>[WO] |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate in custody of the Covington County Jail in Andalusia, Alabama. He files this *pro se* 42 U.S.C. § 1983 action alleging a violation of his Fourth Amendment right to be free from unlawful searches and seizures. Among the named defendants is Mayor Becky Bracke and the Opp Police Department. Upon review, the Court concludes dismissal of the Complaint against Defendants Bracke and the Opp Police Department prior to service of process is appropriate under 28 U.S.C. § 1915A.

### I.   STANDARD OF REVIEW

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this Court to screen complaints filed by prisoners against government officers or employees as early as possible in the litigation. The Court must dismiss the Complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which states no claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1) & (2). The Court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1), the Court may dismiss a claim as "frivolous where it lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous as a matter of law where the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

The Court may dismiss a complaint, or any portion thereof, under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Dismissal under § 1915A(b)(1) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## II. DISCUSSION

### A. Mayor Bracke

Plaintiff names Becky Bracke, the Mayor of Opp, Alabama, as a defendant. Plaintiff, however, alleges no actions or omissions Mayor Bracke took or made regarding the constitutional deprivations alleged in the Complaint nor are there any allegations which tend to reflect a causal connection between any conduct or actions of Mayor Bracke and the constitutional deprivations alleged by Plaintiff.

Claims against local governments, government officials, or supervisors brought under § 1983 cannot be based upon theories of *respondeat superior* or vicarious liability.

*Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978) (doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Polk County v. Dodson,* 454 U.S. 312, 325 (1981); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Plaintiff must allege facts showing Mayor Bracke either directly participated in the alleged constitutional deprivations, or there is some other causal connection between this Defendant's acts or omissions and the alleged constitutional deprivations. *Id.*; *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions . . . and the alleged constitutional deprivation."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) (explaining that "a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing."); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam). Such a causal connection may be established by showing that the official or supervisor implemented or allowed to continue an official policy or an unofficially adopted policy or custom under which the violation occurred. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). An official or supervisor may also be subject to § 1983 liability when a history of widespread abuse puts her on notice of the need to take corrective action and she fails to do so. *Brown*, 906 F.2d at 671; *Williams v. Cash*, 836 F.2d 1318, 1320 (11th Cir. 1988).

Plaintiff fails to allege facts indicating that Mayor Bracke was directly involved in his alleged constitutional deprivations, nor does he allege there was a custom, policy, or history of widespread abuse that would subject this defendant to liability under § 1983.

Plaintiff, therefore, has failed to state a claim against Mayor Bracke, and she is due to be dismissed as a party to the Complaint.  *See* 28 U.S.C. § 1915A(1)(b).

### B.   Opp Police Department

Plaintiff names the Opp Police Department as a defendant.  However, this department is not a legal entity subject to suit or liability.  *See Ex parte Dixon*, 55 So.3d 1171, 1172 n.1 (Ala. 2010) (explaining that "[g]enerally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority."); *Clay-Brown v. City of Decatur*, 2013 WL 832315, *2 (N.D. Ala. Feb. 28, 2013 (finding that "[u]nder Alabama law, only a municipality itself has the capacity to sue and be sued, as opposed to agencies, departments or divisions of the municipality.").  Plaintiff's claims presented against the Opp Police Department are therefore subject to summary dismissal as frivolous under 28 U.S.C. § 1915A(b)(1) since this defendant is not a suable entity.  *Howard v. City of Demopolis*, 984 F.Supp.2d 1245, 1253 (S.D. Ala. 2013) (noting previous determination "that police departments are not a proper legal entity capable of being sued"); *Manning v. Mason*, 2011 WL 1832539, *3 (M.D. Ala. May 13, 2011) (citations omitted) (finding "that a law enforcement department is not a legal entity capable of being sued.  Accordingly, as it is not subject to suit, Plaintiffs' claims against [the police department] are due to be dismissed with prejudice."); *Johnson v. Andalusia Police Dept.*, 633 F. Supp. 2d 1289, 1301 (M.D. Ala. 2009) (finding that Plaintiff's "claims against the Andalusia Police Department must fail because police departments are generally not considered legal entities subject to suit").

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's Complaint against Defendant Bracke be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1));

2. Plaintiff's Complaint against the Opp Police Department be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915A(b)(1);

3. Defendants Bracke and the Opp Police Department be TERMINATED as parties; and

4. This case be referred to the undersigned for additional proceedings.

Plaintiff may file an objection to the Recommendation **on or before June 4, 2021.** Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 21st day of May, 2021.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE