IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LETTERRON DJON BRANNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:21-cv-347-ECM |
| | ) [WO] |
| TYLER PATTERSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

On September 16, 2024, this Court entered a Memorandum Opinion and Final Judgment adopting the Magistrate Judge's Recommendation (doc. 111), granting Defendants Tyler Patterson's ("Patterson") and Heather Koerner's ("Koerner") motions for summary judgment, and dismissing this case. (Docs. 114, 115). As relevant here, on November 15, 2024, the Court entered an Order reopening the objection period; affording *pro se* Plaintiff Letterron Djon Brannon ("Brannon") until December 4, 2024, to file objections to the Recommendation; and holding the Court's Opinion and Final Judgment in abeyance pending an opportunity for Brannon to file objections. (Doc. 122).[1] On December 2, 2024, Brannon filed objections to the Recommendation. (Doc. 123). Also pending before the Court are Brannon's motion for status update (doc. 124) and motion to compel (doc. 125). After careful review, and for the following reasons, Brannon's

---

[1] A more detailed recitation of the procedural history after the Magistrate Judge entered her Recommendation (doc. 111) is set forth in the Court's November 15, 2024 Order. (*See* doc. 122 at 1–3).

objections are due to be overruled, his motions are due to be denied as moot, and the Court's Opinion and Final Judgment are due to be reinstated.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

Brannon first objects to the Magistrate Judge's purported finding that he failed to submit any notarized documents. He further contends that his statement and the statement of Willie English ("English") were notarized. But the Magistrate Judge did not find that Brannon failed to submit any notarized documents. (*See generally* doc. 111). Instead, the

---

[2] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

Magistrate Judge observed that Brannon's amendment to the complaint (docs. 34, 34-1) and other responses to the Defendants' filings (docs. 53, 54, 55, 71, 75, 84, 87) were not sworn to or properly verified and thus could not be considered as evidence at the summary judgment stage. (*See* doc. 111 at 6). Moreover, the Magistrate Judge considered English's statement in analyzing whether summary judgment was appropriate. (*See, e.g.*, *id.* at 12, 21). Otherwise, Brannon fails to identify which of his own statements the Magistrate Judge purportedly failed to consider, or how the outcome of the Recommendation would have been different if the Magistrate Judge had considered the statement. Consequently, these objections are due to be overruled.

Brannon also submits a lengthy factual narrative regarding what transpired the day Patterson arrested him on a domestic violence charge and searched his person and property, thereby discovering a bag containing a controlled substance. (*See* doc. 123 at 2–3). Brannon appears to contend that the domestic violence charge was fabricated as a pretext to search his property. (*Id.* at 3). He further contends that "all they did after this arrest was illegal – Fruit of the Poisonous Tree." (*Id.*). The Court construes Brannon's submission as an objection to the Magistrate Judge's conclusion that Patterson was entitled to summary judgment on Brannon's Fourth Amendment claim because no genuine dispute of material fact existed regarding whether Patterson unlawfully seized Brannon's property and gave it away. (*See* doc. 111 at 18–19). Upon *de novo* review,[3] the Court finds that Brannon has

---

[3] The Court assumes without deciding that Brannon's objection is sufficiently specific to warrant *de novo* review.

3

failed to identify evidence sufficient to create a genuine dispute of material fact, and Patterson was entitled to summary judgment on the Fourth Amendment claim against him. Therefore, this objection is also due to be overruled.

Brannon also objects to the Magistrate Judge's resolution of his claims against Koerner, arguing that she illegally gave away his dogs and other property to Cassandra Henderson ("Henderson"). The Magistrate Judge thoroughly considered these arguments in her thorough and well-reasoned Recommendation and rejected them. Brannon does not dispute that Koerner knew or reasonably believed that Henderson was a joint owner of the dogs and other personal property at issue. Moreover, the undisputed evidence indicates that Koerner did not remove any other personal property of Brannon's; rather, Koerner saw Henderson removing the property but did not stop her. Upon *de novo* review,[4] the Court finds that Brannon has failed to identify evidence sufficient to create a genuine dispute of material fact, and Koerner was entitled to summary judgment on the Fourth Amendment claims against her. Thus, this objection is also due to be overruled.

The remainder of Brannon's objections are general and conclusory and thus are insufficiently specific to trigger *de novo* review. Therefore, except as otherwise stated herein, the Court has reviewed the Recommendation only for clear error. *See LoConte*, 847 F.2d at 750; *Macort*, 208 F. App'x at 784. The Court discerns no error—let alone clear

---

[4] The Court again assumes without deciding that Brannon's objection is sufficiently specific to warrant *de novo* review.

4

error—in the Recommendation. Consequently, Brannon's remaining objections are due to be overruled.

Accordingly, upon consideration of the entire record, and for good cause, it is ORDERED as follows:

1. Brannon's objections (doc. 123) are OVERRULED;

2. Brannon's motions (docs. 124, 125) are DENIED as moot;

3. The Court's September 16, 2024 Opinion and Final Judgment (docs. 114, 115) are REINSTATED. The reinstated Order and Final Judgment shall be effective as of the date of this Order so that Brannon has time to file an appeal, should he desire to do so.

The Clerk of the Court is DIRECTED to close this case.

DONE this 27th day of October, 2025.

                                       /s/ Emily C. Marks
                                       EMILY C. MARKS
                                       CHIEF UNITED STATES DISTRICT JUDGE